**WATCHTOWER BIBLE TRACT SOCIETY OF NEW YORK, INC., et al., Plaintiffs,**

v.

**Annabelle RODRIGUEZ, et al., Defendants.**

Civil No. 04–1452 (GAG).

United States District Court, D. Puerto Rico.

Jan. 30, 2013.

Nora Vargas–Acosta, San Juan, PR, Paul D. Polidoro, Patterson, NY, for Plaintiffs.

Luis A. Rodriguez–Munoz, Eduardo A. Vera–Ramirez, Landron & Vera LLP, Damaris Delgado–Vega, Michael C. McCall, Claudio Aliff–Ortiz, Simone Cataldi–Malpica, Aldarondo & Lopez Bras, PSC, Pedro R. Vazquez, III, Pedro R. Vazquez Law Office, Alberto J. Rodriguez–Ramos, Centro Internacional De Mercadeo, Guaynabo, PR, Iris Alicia Martinez–Juarbe, Department of Justice, Wandymar Burgos–Vargas, P.R. Department of Justice–Federal Litigation, Clarisa Sola–Gomez, Luis E. Pabon–Roca, Faccio & Pabon Roca, Ivan Pasarell–Jove, Juan M. Rivera–Gonzalez, Rafael E. Rivera–Sanchez, Edgar Hernandez–Sanchez, Victor Ricardo Rodriguez–Fuentes, Cancio, Nadal, Rivera & Diaz, Irializ Velez–Quinones, Velez–Quinones Law Offices, Luis Sanchez–Betances, Sanchez–Betances, Sifre & Munoz–Noya Law Offices, PSC, Robert Millan, Millan Law Offices, Isabel Maria Rodriguez–Casellas, Regional Counsel Office, VA Hospital, San Juan, PR, Ferdinand Vargas–Velazquez, Jason Gonzalez–Delgado, Gonzalez & Gonzalez Law Office, Caguas, PR, for Defendants.

### ORDER

GUSTAVO A. GELPÍ, District Judge.

Before the court is Plaintiffs' motion for contempt as to the Municipality of San Juan and the urbanization of Los Arboles de Montehiedra Community Association ("Los Arboles") for not allowing Plaintiffs' to engage in door-to-door ministry. (*See* Docket No. 885.) Los Arboles opposed the motion (Docket No. 894), arguing that their actions are not in contradiction to the court's orders. The court declines to find Los Arboles and the Municipality of San Juan in contempt, but takes this opportunity to clarify for Los Arboles, as well as all Defendant Municipalities and urbanizations, that Jehovah's Witnesses have the

right to freely enter all urbanizations and to freely practice door-to-door ministry.

Los Arboles' main contention is that the orders from the court only require Defendants to admit Jehovah's Witnesses into its urbanization, but is silent as to whether Jehovah's Witnesses have the right to ring doorbells, knock on doors, or otherwise enter private property in order to complete their door-to-door ministry. The case law governing this issue is clear. Not only do Jehovah's Witnesses have the right to enter urbanizations, but they also have the right ring doorbells and knock on household doors, even if they must enter private property to do so. The U.S. Supreme Court has repeatedly upheld this right in previous cases dealing with Jehovah's Witnesses. *See Watchtower Bible and Tract Society of New York, Inc. v. Village of Stratton,* 536 U.S. 150, 122 S.Ct. 2080, 153 L.Ed.2d 205 (2002) (holding, "For over 50 years, the Court has invalidated restrictions on door-to-door canvassing and pamphleteering.") (citing *Hynes v. Mayor and Council of Oradell,* 425 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976); *Martin v. City of Struthers,* 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed. 1313 (1943); *Murdock v. Pennsylvania,* 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); *Jamison v. Texas,* 318 U.S. 413, 63 S.Ct. 669, 87 L.Ed. 869 (1943); *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *Schneider v. State (Town of Irvington),* 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155 (1939); *Lovell v. City of Griffin,* 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1938)). Specifically, the Supreme Court stated in *Martin:*

> For centuries it has been a common practice in this and other countries for persons not specifically invited to go from home to home and knock on doors or ring doorbells to communicate ideas to the occupants or to invite them to political, religious, or other kinds of public meetings. Whether such visiting shall be permitted has in general been deemed to depend upon the will of the individual master of each household, and not upon the determination of the community.

319 U.S. at 141, 63 S.Ct. 862. **IF NEITHER THE FIRST CIRCUIT OPINION NOR THIS COURTS' ORDERS HAVE MADE THIS RIGHT CLEAR, THE COURT NOW EXPLICITLY ENDORSES THE RIGHT OF THE JEHOVAH'S WITNESSES.**

To be sure, this right is not unlimited. As the *Martin* Court recognized, each household may decide for itself whether it will permit solicitations on their property. In a prior hearing in the instant case, Plaintiffs' counsel stated, "If a homeowner wants to communicate they don't want anybody on their property, they post a "No Trespassing" sign. That's a very clear communication, "We want you to stay off." Jehovah's Witnesses will respect that." (*See* Docket No. 849 at 23.)

The court must enforce the rights of Jehovah's Witnesses and homeowners alike. This order is a clear endorsement of Jehovah's Witnesses' right to ring doorbells and knock on doors. This order also serves as warning that it will not tolerate any restrictions placed on such activities by a Municipality or an urbanization, such as the actions, allegedly taken by Los Arboles leading to the present order. However, the court must also protect homeowner's rights just as vigorously. As such, the court must clarify that it expects Jehovah's Witnesses to also respect a homeowner's right to state they do not want any solicitations. **IF A HOMEOWNER PLACES A SIGN ON THEIR PROPERTY STATING "NO SOLICITATION" OR "NO TRESPASSING," THEN A JEHOVAH'S WITNESS MAY NOT RING THE DOORBELL OR ENTER THAT PROPERTY TO KNOCK ON A DOOR.**

ANYONE FOUND IN VIOLATION OF THIS ORDER, MUNICIPALITIES, UR-BANIZATIONS OR JEHOVAH'S WIT-NESSES, SHALL BE HELD IN CONTEMPT.

Accordingly, the court shall not hold Los Arboles in contempt at this time. Therefore, the court **DENIES** Plaintiffs' motion for contempt at Docket No. 885. **THIS ORDER EQUALLY APPLIES TO ALL DEFENDANTS IN THIS CASE.**

SO ORDERED.